UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL R. GRIFFIN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT S. FERGUSON,<br><br>　　　　　　　Defendant. | CASE NO. 3:21-cv-05044-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a *pro se* prisoner serving a sentence at the Stafford Creek Corrections Center, filed a 42 U.S.C. § 1983 civil rights complaint on January 14, 2021. Dkt. 1. Because he did not pay the filing fee or apply to proceed *in forma pauperis* (IFP) the clerk of court advised him his case may be dismissed unless he paid the filing fee or submitted an IFP application by February 18, 2021. On February 4, 2021 the court received a letter from petitioner claiming he had enclosed a money order with his complaint. Dkt. 4. The Clerk conducted a search and concluded the money order was not enclosed with the complaint. *Id.*

The Court is required to review a prisoner's complaint before docketing, if possible, under 28 U.S.C. § 1915A and dismiss the complaint if it fails to state a claim for relief or is frivolous. The complaint alleges the "Defendant Attorney General is chilling speech through his enforcement of RCW 9.68A.090 communication with minor for immoral purposes (hereinafter

REPORT AND RECOMMENDATION - 1

1   CMIP)." Dkt. 1 at 4. Plaintiff contends RCW 9.68A.090 is overbroad and vague and "therefore

2   violates First Amendment speech rights." *Id.* at 5. The complaint acknowledges plaintiff is

3   currently incarcerated "for CMIP" but asserts the complaint does not challenge the conviction.

4   *Id. 6.* Despite this assertion, plaintiff requests "Defendant must be immediately enjoined from

5   enforcing it [CMIP]. Any and all convictions must be vacated." *Id.* at 20.

6         The Court having reviewed the complaint recommends it be dismissed with prejudice for

7   failure to state a claim upon which relief can be granted. Although plaintiff proceeds *pro se*, the

8   case should be dismissed now because no amendment would cure the complaint's deficiency.

9   **DISCUSSION**

10        Under 28 U.S.C. § 1915(e)(2)(B) the Court must dismiss a case if it finds the action is

11  frivolous or if it fails to state a claim on which relief may be granted. A complaint is frivolous if

12  "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325

13  (1989). A complaint fails to state a claim if it appears beyond a doubt that the plaintiff can prove

14  no set of facts in support of his claim that would entitle him to relief. *Estelle v. Gamble*, 429 U.S.

15  97, 106 (1976).

16        The Court finds Plaintiff's complaint is both frivolous and fails to state a claim on which

17  relief may be granted. Plaintiff's claim has already been considered and rejected by this Court. In

18  *Schoening v. McKenna*, 636 F.Supp.2d 1154 (2009), Schoening also sued Rob Mckenna, and

19  requested the Court find that RCW 9.68A.090 violates the First Amendment because it is

20  overbroad and vague. *Id.* at 1155. The Court rejected the argument and dismissed the case

21  holding "RCW 9.68.090 is neither vague nor overbroad and does not intrude on the freedom of

22  speech." *Id.* at 1158. The Court adopts the *Schoening* decision's rationale and recommends the

23  case be dismissed for the same reasons set forth in that decision.

REPORT AND RECOMMENDATION - 2

Additionally, the complaint is barred under *Heck, v. Humphrey*, 512 U.S. 477 (1994). The *Heck* decision precludes a prisoner's § 1983 claim that, if successful, would invalidate a conviction or sentence "where that conviction [or sentence] has not been reversed, expunged or called into question by issuance of a writ of habeas corpus." *Id.* at 486-87. Plaintiff's claim he is not challenging his conviction is belied by his request that all CMIP convictions be vacated, which would include his conviction. The attempt to invalidate plaintiff's criminal conviction is *Heck* barred and the complaint should accordingly be dismissed.

In sum, plaintiff is serving a prison sentence for CMIP and requests the Court vacate all CMIP convictions. Because his complaint is *Heck* barred the case must be dismissed. Because the claim CMIP violates the First Amendment has already been rejected by a District Judge of this Court, the complaint should be dismissed with prejudice.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, limited to 8 pages, however, may be filed no later than **March 5, 2021.** The Clerk should note the matter for **March 5, 2021**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 17th day of February 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3