UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL R. GRIFFIN, | CASE NO. C21-5044 RSM |
| Plaintiff, | ORDER |
| v. | |
| ROBERT S. FERGUSON, | |
| Defendant. | |

This matter is before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Brian A. Tsuchida recommending that this action be dismissed with prejudice. Dkt. #5. Plaintiff has objected to the R&R and contends that the action should not be dismissed because his action is not barred by prior decisions of this Court and because he can cure any remaining deficiencies by filing an amended complaint. Dkt. #9. For the following reasons, the Court dismisses Plaintiff's claims without prejudice.

Plaintiff Daniel R. Griffin, a Washington State prisoner, filed this action alleging that the Defendant, Bob S. Ferguson, Washington State Attorney General, is unlawfully chilling speech through enforcement of section 9.68A.090 of the Revised Code of Washington, which criminalizes communication with minors for immoral purposes. Dkt. #1 at 4. Plaintiff argues

ORDER – 1

that the statute is presumptively unconstitutional and seeks injunctive relief. *Id.* at 5–6. Proper consideration of this action requires consideration of both procedural and substantive issues.

Procedurally, Plaintiff did not pay the filing fee upon filing of this action and did not include an application to proceed *in forma pauperis*. Dkt. #1. Concluding that Plaintiff wished to proceed *in forma pauperis*, the Clerk mailed Plaintiff a copy of the necessary application forms. Dkt. #3. With Plaintiff presumed to be proceeding *in forma pauperis*, Judge Tsuchida screened the matter under 28 U.S.C. § 1915A. Dkt. #5 at 1. Upon review, Judge Tsuchida concluded that Plaintiff's claim was frivolous and should be dismissed under 28 U.S.C. § 1915A. *Id.*

However, on the Court's review, the Court believes that Plaintiff intends to pay the filing fee for this action. After receiving the IFP application from the Clerk, Plaintiff wrote and indicated that he "included a $402 money order along with the complaint." Dkt. #4 at 1. Upon docketing of that letter, the Clerk indicated that an extensive search did not lead to discovery of a prior money order from Plaintiff. *February 4, 2021 Docket Entry*. Plaintiff again reiterated his belief that he had already submitted payment. Dkt. #6. Further, Plaintiff provided, along with his objections, a "Request to Transfer Funds" on a Washington Department of Corrections form indicating that he had requested a payment of $402 to the United States District Court on December 30, 2020. Dkt. #9-2 at 1. Plaintiff's filing fee remains unpaid and Plaintiff has not updated the Court on the issue for nearly a month.

Substantively, Plaintiff's complaint also suffers from deficiencies. The R&R notes that this Court has already rejected similar challenges to section 9.68A.090 of the Revised Code of Washington in *Schoening v. McKenna*, 636 F. Supp. 2d 1154, 1156 (W.D. Wash. 2009), a fact also recognized by Plaintiff. Dkt. #1 at 5–6. Because of the prior case law, Judge Tsuchida

ORDER – 2

concluded that Plaintiff's challenge was precluded by the prior decision in *Schoening*. Dkt. #5 at 2.

In his objections, Plaintiff maintains that *Schoening* does not preclude his claims because he seeks to premise his action on separate legal theories than were considered in *Schoening*. Dkt. #9 at 6–7 (indicating that Schoening dealt with "a hypothetical concern that [the statute] 'may prohibit speech about sexual health and education"). Plaintiff's theory is that because the statute uses "immoral purposes" as the standard by which to judge language, the statue is an unconstitutional "viewpoint" restriction on speech because "'immorality' is definately [sic] a viewpoint." Dkt. #1 at 7–21. Plaintiff's assertion is called into question by the fact that both his action and *Schoening* challenged the statute on overbreadth grounds and the Court shares the R&R's doubts as to the viability of Plaintiff's claims.[1]

A more significant substantive hurdle to Plaintiff's complaint is Judge Tsuchida's explanation that Plaintiff's claims appears precluded under *Heck v. Humphrey*, 512 U.S. 477 (1994). That case "precludes a prisoner's § 1983 claim that, if successful, would invalidate a conviction or sentence 'where that conviction [or sentence] has not been reversed, expunged or

---

[1] *Schoening* further calls Plaintiff's claims into question:

> The Washington Supreme Court has construed RCW 9.68A.090 to prohibit communicating with children with "the predatory purpose of promoting their exposure to and involvement in sexual misconduct." *Washington v. McNallie,* 120 Wash.2d 925, 931–32, 846 P.2d 1358, 1363 (1993). Plaintiff's concerns that the term "immoral purposes" could be the basis of a prosecution of—for example— a school nurse who advised a pregnant teenager about abortion options are unfounded, because the scope of the term "immoral purposes" has been limited to the category "sexual misconduct." *McNallie,* 846 P.2d at 1362 (noting that the controlling opinion in *State v. Schimmelpfennig,* 92 Wash.2d 95, 594 P.2d 442 (1979), supports this interpretation).

*Schoening*, 636 F. Supp. 2d at 1157.

ORDER – 3

called into question by issuance of a writ of habeas corpus.'" Dkt. #5 at 3 (quoting *Heck*, 512 at 486–87). Because Plaintiff sought to vacate all convictions under the communication for immoral purposes statute, including his own, Judge Tsuchida concluded that Plaintiff's action was barred by *Heck*.

In an attempt to salvage his complaint, Plaintiff indicates that he wishes to abandon his own release. Dkt. #9 at 7. But serious questions remain as to whether this alone would be adequate. *See Heck*, 512 U.S. at 487 (in § 1983 actions, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *id.* at 489 ("Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.").

Intermixed with these substantial legal questions, Plaintiff indicates that he has lacked adequate access to legal resources because of COVID-19. Such restrictions served as good cause for an extension of Plaintiff's deadline for submitting objections to the R&R. *See* Dkts. #7 and #8. But even then, Plaintiff recounts ongoing difficulties obtaining the materials he believes are necessary to explore his claims and consider the effect of *Heck*. Dkt. #9 at 2 (Plaintiff indicating he is unable to provide adequate legal support for his positions). Along similar lines, Plaintiff requests that he be granted leave to refine his complaint. *Id.* at 7 (Plaintiff indicating that he "could submit a fresh new complaint").

Under these unique circumstances, the Court determines that the appropriate approach is to dismiss Plaintiff's claims without prejudice. Plaintiff has not provided the Court with further information on his plan to pay the filing fee in this action and does not make clear payment's

ORDER – 4

effect on screening under 28 U.S.C. § 1915.  In addition, dismissal without prejudice will afford Plaintiff greater time to access the legal materials he believes are necessary to support his claims.  Lastly, this result will permit Plaintiff to refile his action in the unlikely case he discovers a viable legal theory that is not precluded by *Heck*.

Accordingly, and having considered the R&R, Plaintiff's objections, and the remainder of the record, the Court finds and ORDERS:

1. The Court ADOPTS the Report and Recommendation (Dkt. #5) to the extent consistent with this ORDER.
2. Plaintiff's Prisoner Civil Rights Complaint (Dkt. #1), and the claims set forth therein, are DISMISSED without prejudice.
3. The Clerk is directed to send copies of this Order to the parties.
4. This matter is CLOSED.

Dated this 19th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5